## NEMCOF et al. v. UNITED STATES.

### (Circuit Court of Appeals, Third Circuit. March 7, 1913.)

### No. 1,618.

INDICTMENT AND INFORMATION (§ 196*)—OMISSION—IMPERFECTION IN MATTER OF FORM.

Where an indictment for conspiracy to conceal assets of a bankrupt from his trustee omitted to charge a conspiracy with the bankrupt, and did not allege that defendants had conspired, not only with each other, but with "other persons to the grand inquest unknown," such defect, when objected to for the first time after conviction, would be regarded as one of form only within Rev. St. § 1025 (U. S. Comp. St. 1901, p. 720), and therefore not fatal.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 628–635; Dec. Dig. § 196.*]

Gray, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; James B. Holland, Judge.

Charles Nemcof and another were convicted of conspiracy, and they bring error. Affirmed.

John Monaghan, E. Clinton Rhoads, and David Serber, all of Philadelphia, Pa., for plaintiffs in error.

Jasper Yeates Brinton and John C Swartley, both of Philadelphia, Pa., for the United States.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. The unusually full and elaborate indictment that is now attacked as fatally insufficient, although in one particular only, was found a true bill on December 13, 1910. If it be carefully scrutinized, a pleader's omission may perhaps be discovered; but, if such there be, it could have been easily cured if (as they should have done) the defendants had promptly objected. The defect was as manifest then as it is now, but for almost a year they made no complaint. Apparently they had no doubt concerning the nature and scope of the charge, and saw no need to subject its language to the exacting test that we are now urged to apply. Even when the case was called for trial in September, 1911, they neither demurred nor moved to quash, but pleaded "not guilty," and took an active part in the contest that followed. This lasted for eight or nine days, and resulted in a verdict of conviction. Then for the first time, after a prolonged trial upon the merits to which no error is assigned, they made known their objection to the indictment on the ground of insufficiency, and moved to arrest the judgment. Failing to convince the District Court, they renew the objection here.

The controversy affords an excellent example of trial with limited liability, for it is clear that, if sentence could never be imposed on the indictment, the defendants ran no real risk in taking the chance of a favorable verdict. The narrowness of the ground upon which their

contention rests is apparent from the frank concession that the indict-
ment would be unquestionably good if the pleader had simply·added
the phrase (usually inserted to comply with the customary form) that
the defendants had conspired, not only with each other, but also with
"other persons to the grand inquest unknown." Their position will ap-
pear in the following quotation from the brief; the same concession
being made in several similar passages:

> "We do not contend that under no circumstances could the defendants have
> been prosecuted for conspiracy to commit an offense under the Bankruptcy
> Act (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3418]).
> All that we contend is that they cannot be so prosecuted unless the bankrupt
> Granich·is a party to the combination.· If he was, the indictment should have
> so alleged.
> . "Had it charged that the conspiracy was between the defendants and the
> bankrupt Granich. or between the defendants and 'divers other persons,' a
> method recognized by law as a means of including conspirators not being
> prosecuted, and which would have included and been tantamount to an al-
> legation that the conspiracy was with the bankrupt Granich, then the acts
> of the bankrupt as well as of the other conspirators would have been con-
> templated. If done, such acts would have been criminal as to one of the
> conspirators, to wit, Granich, and so made the conspiracy criminal as to all.
> On consummation of such a conspiracy section 29b (1) would have been vio-
> lated because one of the conspirators, the bankrupt, would be guilty of con-
> cealment from his trustee and could be indicted under section 29b (1)."

Summarized, the argument is this: The charge is conspiracy to
commit a crime. The crime is the concealment of assets from a trus-
tee in bankruptcy. This offense can only be committed by the bank-
rupt himself; but the bankrupt is neither named as a conspirator
(although the indictment clearly sets forth his participation), nor is he
included by a formal averment embracing "other persons," etc. There-
fore the defendants have been improperly convicted of conspiring to
commit a crime that neither one nor both of them could commit, ei-
ther separately or together, unless they conspired with the bankrupt
himself. And, as a conspiracy with him is not charged in direct and
precise terms, the final result is said to be that the indictment fails to
set out an indictable offense.

We shall not attempt to follow the earnest and elaborate argument
that was made on behalf of the defendants. In our opinion it is some-
what belated, and it certainly has not satisfied us that the smallest
injustice has been done. The omission complained of seems to fall
fairly within the spirit of Rev.·Stat. § 1025 (U. S. Comp. St. 1901, p.
720), and to be a "defect or imperfection in matter of form only,
which shall not tend to the prejudice of the defendant." A situation
much like this is discussed in Cohen v. United States, 157 Fed. 651,
85 C. C. A. 113, and we are content to concur in substance with the
Court of Appeals of the Second Circuit. We may note, also, that
timely objection had been taken there by demurrer in the Circuit
Court. United States v. Cohen, 142 Fed. 983. Neither court was con-
vinced that the objection should prevail.

The judgment is affirmed.

GRAY, Circuit Judge, dissents.