## TAPACK et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 18, 1915.)

### No. 1881.

1. CONSPIRACY ⬦⟹28—OFFENSES AGAINST BANKRUPTCY LAWS—CONCEALMENT OF PROPERTY.

Under Pen. Code (Act March 4, 1909, c. 321) § 37, 35 Stat. 1096 (Comp. St. 1913, § 10201), providing that if two or more persons conspire to commit any offense against the United States, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties shall be punished as therein provided, persons other than a bankrupt may commit an offense by conspiring with him to conceal his goods.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 40, 41; Dec. Dig. ⬦⟹28.]

2. CONSPIRACY ⬦⟹43—OFFENSES AGAINST BANKRUPTCY LAWS—SUFFICIENCY OF INDICTMENT.

Under Bankr. Act July 1, 1898, c. 541, § 29b (1), 30 Stat. 554 (Comp. St. 1913, § 9613), providing that a person shall be punished as therein provided upon conviction of the offense of having knowingly and fraudulently concealed, while a bankrupt, or after his discharge, from his trustee, any property belonging to his estate in bankruptcy, an indictment charging that defendants, knowing that two of them were insolvent and contemplating that they would be adjudicated bankrupts, in order to defraud the creditors of the prospective bankrupts, corruptly, wickedly, and unlawfully conspired to conceal the property of such bankrupts, and to continue to conceal it, after they should be adjudicated bankrupts, from the person to be appointed trustee, and that after the adjudication and appointment of a trustee they removed, secreted, and concealed such property, was not insufficient because of the failure to use the statutory words "knowingly and fraudulently" in describing the crime that was the object of the conspiracy, as the language used implied inevitably that the concealment was, and was intended to be, knowing and fraudulent, especially in view of Rev. St. § 1025 (Comp. St. 1913, § 1691), providing that no indictment shall be deemed insufficient by reason of any defect or imperfection in matter of form only which shall not tend to the prejudice of the defendant.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. ⬦⟹43.]

3. INDICTMENT AND INFORMATION ⬦⟹60—REQUISITES—ELEMENTS OF OFFENSES.

In the interest of orderly procedure and for the full protection of a defendant's rights, an indictment must sufficiently set forth a definite crime, under penalty of being declared invalid, if an essential element be lacking.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 182, 266, 267; Dec. Dig. ⬦⟹60.]

4. INDICTMENT AND INFORMATION ⬦⟹75—REQUISITES—MATTERS OF FORM.

The prevailing tendency is to be satisfied with substance in an indictment, rather than to insist upon a rigid adherence to form; and an indictment will be held good, if it substantially charges the particular offense for which the defendant is about to be, or has already been, tried.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 202–204; Dec. Dig. ⬦⟹75.]

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. CRIMINAL LAW ⊜⇒1159—APPEAL—REVIEW—QUESTIONS OF FACT.
     If there is any evidence to sustain a verdict that was proper to go to
the jury, the verdict is. conclusive.
     [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083;
Dec. Dig. ⊜⇒1159.]

In Error to the District Court of the United States for the District
of New Jersey; Thos. G. Haight, Judge.

Louis. Tapack and another were convicted of an offense, and they
bring error. Affirmed.

Merritt Lane, of Jersey City, N. J., for plaintiffs in .error.

J. Warren Davis, U. S. Dist. Atty., of Trenton, N. J., and Archibald Palmer,
Sp. Asst. U. S. Dist. Atty., of New York City (William Hawkins, of New York
City, of counsel), for the United States.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

J. B. McPHERSON, Circuit Judge. The indictment in this case
was found at January term, 1913, and charged five defendants with
conspiracy under section 5440, R. S. (section 37, Penal Code of 1909).
One of them was acquitted, and the other four, Jacob Torem, Samuel
Moore, Louis Tapack, and Nathan Tapack, were convicted. Of these
the last two have taken the present writ of error. In the District
Court the sufficiency of the indictment was challenged by motions to
quash, for a directed verdict, for a new trial, and in arrest of judg-
ment, and this subject has been urged upon our attention with special
earnestness.

In substance the indictment avers that the five defendants unlawfully
conspired, etc., to commit an offense against the United States, and
then proceeds to describe the crime as follows: On and before Sep-
tember 27, 1912, Torem and Moore were silk manufacturers who had
become insolvent and unable to meet their obligations, as all the de-
fendants well knew; they were all contemplating and expecting that
Torem and Moore would be adjudicated bankrupt, and a trustee be
appointed; the bankrupts had certain property (describing it) which
would pass to the trustee in case of the expected adjudication; where-
upon all the defendants, "in order to defraud the creditors of them, the
said Jacob Torem and Samuel Moore, copartners," etc., "did corruptly,
wickedly, and unlawfully conspire," etc., "that the said Jacob Torem
and Samuel Moore, copartners," etc., "should conceal the said prop-
erty, and should continue to conceal the same after they should be ad-
judicated bankrupts, so contemplated," etc., from the person there-
after to be appointed trustee. The indictment further avers the sub-
sequent adjudication and the appointment of a trustee, and sets forth
as the overt act that. on the next day, September 28, all the defendants
did remove the goods described, and did "secrete and conceal the
said property, and still secrete and conceal the same," from the trustee.

[1-3] That other persons than a bankrupt may commit an offense
by conspiring with him that he shall conceal his goods is a proposition
that does not seem to need discussion, in view of Cohen v. U. S. (C. C.
A., 2d Cir.) 157 Fed. 651, 85 C. C. A. 113, and the analogous decision
in Nemcof v. U. S. (C. C. A., 3d Cir.) 202 Fed. 911, 121 C. C. A. 269.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

See, also, U. S. v. Holte, 236 U. S. 140, 35 Sup. Ct. 271, 59 L. Ed. ——, decided February 1, 1915. Indeed, we do not understand this position to be in serious dispute; the indictment is attacked mainly because it does not use the statutory words "knowingly and fraudulently" in describing the crime that was the object of the conspiracy. It is undoubtedly true that section 29b (1) of the Bankruptcy Act describes the crime as a knowing and fraudulent concealment, and if this indictment does not contain the fair equivalent of these words it is fatally defective. Upon the other hand, although the language of the indictment might have been improved in form or arrangement, section 1025, R. S., requires us to uphold it if the defect or imperfection did not tend to the prejudice of the defendants. Just how they have been prejudiced may be a matter of some doubt. They understood exactly with what crime the government believed them to be charged; during eight days the trial was conducted on the theory that the offense was conspiracy to conceal goods knowingly and fraudulently; and the judge submitted the question of that offense to the jury. Nevertheless we agree that, in the interest of orderly procedure and for the full protection of a defendant's rights, an indictment must sufficiently set forth a definite crime, under penalty of being declared invalid if an essential element be lacking.

[4] In earlier days, when excellent reasons existed for construing an indictment strictly so as to favor life and liberty, it is probable enough that such an indictment as this might have been held deficient in precise statement; and, indeed, some comparatively recent decisions still reflect something of the earlier spirit. But there can be no doubt that the prevailing tendency now, both in statute law and in decision, is to be satisfied with substance rather than to insist upon rigid adherence to form; an indictment will be held good if it substantially charge the particular offense for which the defendant is about to be, or has already been, tried. Burton v. U. S., 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Dunbar v. U. S., 156 U. S. 195, 15 Sup. Ct. 325, 39 L. Ed. 390; McNiel v. U. S., 150 Fed. 82, 80 C. C. A. 36; State v. Stein, 48 Minn. 466, 51 N. W. 474; State v. Smith, 63 Vt. 201, 22 Atl. 604; Worsham v. Murchison, 66 Ga. 715.

Tested by this standard, we think the indictment before us should be sustained. Knowing the bankrupts' precarious situation, all the defendants are charged with having conspired "corruptly and wickedly" to bring about the concealment, and the object of the conspiracy is stated to be "in order to defraud the creditors of Torem and Moore." In our opinion this language inevitably implies that the concealment of the goods was, and was intended to be, knowing and fraudulent; the conduct of a defendant cannot be innocent, and at the same time be corrupt and wicked, aiming at the commission of fraud. We think the language just quoted qualifies from first to last the whole description of the conspiracy. Nothing need be read into the indictment to produce this result; the words are already there, and if their arrangement were slightly different, even the criticism that is now being considered would be fully answered. Without further discussion, we overrule the assignments of error that question the sufficiency of the indictment.

[5] The only other matter that calls for consideration is the argument that the evidence should not have been submitted to the jury at all. It is hardly necessary to say that the verdict is beyond our power; rf there is any evidence to sustain it that was proper to go to the jury, the finding of that tribunal is conclusive. Humes v. U. S., 170 U. S. 210, 18 Sup. Ct. 602, 42 L. Ed. 1011; Burton v. U. S., supra. Without discussing the testimony contained in this record of 650 pages, but after careful consideration of all the arguments, we are of opinion that the learned trial judge committed no error in refusing to give the binding instruction that was asked for. The trial was fair and the charge was adequate; the verdict is not the subject of review.

The judgment is affirmed.