NICHAMIN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 11, 1920.)

No. 3344.

1. INDICTMENT AND INFORMATION ☞119—SURPLUSAGE HELD NOT TO INVALIDATE.

In an indictment under Act Feb. 13, 1913 (Comp. St. §§ 8603, 8604), for receiving goods stolen while in course of interstate transportation, an averment of an intent by defendant to convert the same to his own use *held* surplusage, and not to invalidate the indictment.

2. CRIMINAL LAW ☞726—RETALIATORY ARGUMENT BY DISTRICT ATTORNEY HELD NOT IMPROPER.

Where counsel for defendant claimed in argument that officers who testified were prejudiced against defendant, it was proper for the district attorney to comment on the grounds for such alleged prejudice.

3. CRIMINAL LAW ☞720½—DISTRICT ATTORNEY'S REQUEST TO CONVICT DEFENDANT NOT IMPROPER.

A request by the district attorney in his argument that the jury find defendant guilty as charged *held* not improper.

4. CRIMINAL LAW ☞703—FAILURE TO PROVE STATEMENTS BY PROSECUTOR IN OPENING NOT PREJUDICIAL.

That the evidence did not in all respects sustain statements by the district attorney in his opening, where made in good faith, *held* not prejudicial to defendant.

5. CRIMINAL LAW ☞901—MOTION FOR DIRECTED VERDICT WAIVED BY INTRODUCING EVIDENCE.

Where a motion by defendant for directed verdict at the close of the government's evidence was overruled, and defendant introduced evidence, and such motion was not renewed at the close of all the evidence, the motion was waived.

6. CRIMINAL LAW ☞1144(14)—CHARGE NOT IN RECORD PRESUMED FULL AND CORRECT.

Where the charge of the court was not excepted to, and is not in the record, the presumption is that it correctly covered all issues.

7. LARCENY ☞1—NATURE AND ELEMENTS.

"Larceny" includes the taking and carrying away, without claim of right, of the personal goods of another, with intent to defraud the owner of them.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Larceny.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Criminal prosecution by the United States against Harry Nichamin. Judgment of conviction, and defendant brings error. Affirmed.

.. Edw. N. Barnard, of Grand Rapids, Mich., for plaintiff in error. Walter I. McKenzie, Asst. U. S. Atty., of Detroit, Mich.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The defendant was convicted upon an indictment charging him with unlawfully, feloniously, and knowingly buying, receiving, and having in his possession, knowing the same to have been stolen, and with intent to convert the same to his own use, five ingots of copper, each bearing the letters, "B. & M." which constituted part of an interstate shipment from Black Eagle, Mont., to Detroit, Mich.

[1] To this indictment the defendant filed a motion to quash for the reason that the words, "with intent to convert the same to his own use," charge larceny, which is an offense distinct from that of buying, receiving, and having in possession stolen property, knowing the same to have been stolen. This motion was overruled by the court, and is here assigned as error.

The statute under which the defendant was indicted provides in part that whoever shall buy, receive, or have in his possession any goods or chattels moving as, or which are a part of, or which constitute, an interstate or foreign shipment of freight or express, knowing the same to have been stolen, shall in each case be fined, etc. 37 Statutes at Large, 670 (Comp. St. §§ 8603, 8604).

[7] Intent to convert stolen property of this character to the use of defendant is no part of the crime defined by this part of this statute, nor do these words, in and of themselves or in connection with the other averments of this indictment, charge a larceny, for larceny necessarily includes the taking and carrying away, without claim of right, of the personal goods of another, with intent to defraud the owner of them. The presence of these words in this indictment is merely surplusage, and does not in any wise affect the right of the accused, nor tend to mislead him as to the offense charged. Tapack v. United States, 220 Fed. 445, 137 C. C. A. 39; Burton v. United States, 202 U. S. 345, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362.

[2] Exceptions were taken to numerous statements made by the assistant district attorney in the course of his argument to the jury, and in the brief for plaintiff in error our attention is directed particularly to the statement made by the district attorney as to why the officers who had testified were prejudiced against the defendant. Evidently this statement was made in reply to the argument of counsel for defendant, charging these officers with being prejudiced against the defendant, for immediately preceding this statement is the following: "Counsel says they are prejudiced against Nichamin." In view of the fact that counsel for defendant had in his argument to the jury made this charge against the officers who had arrested Nichamin, as affecting the credibility of their evidence, it would seem to be proper for the district

attorney to explain, or at least to call attention to, the fact that their prejudice, if any prejudice was in fact shown, was not personal to the defendant, or inspired by any hatred or ill will, but rather arose from the circumstances of the case.

[3] It is also claimed that it was error for the district attorney to say in the course of his argument: "I ask you to find him guilty as charged in the indictment." This statement could hardly be prejudicial. No doubt the jury by that time had discovered that the purpose of the prosecution was to secure conviction of the accused of the crime charged, and it would seem that the district attorney might just as well openly and frankly admit that fact, as to make any efforts at concealment of his purpose.

Exceptions were taken to other parts of the argument, but they are of like import to those above stated.

[4] The district attorney in his opening statement said that he would be able to show by the evidence that these ingots were bought directly from the boys, that the age of the boys would indicate they could not honestly have possession of this character of property, and that the same was sold at a price that would indicate it was stolen. The evidence shows that the boys did not sell directly to the defendant but to a junk peddler, Schlaf, who in turn sold it to the defendant. While it is true that the evidence did not sustain these statements, the district attorney in making this statement was probably in good faith; at least, nothing appears to the contrary. He stated the facts as he expected to prove them. He failed to do this in some particulars. It is true that, if he had shown that this property was purchased directly from the boys and at a trifling price, it would have tended to prove guilty knowledge on the part of the defendant; but the failure of the district attorney to sustain his opening statements by the evidence could not be prejudicial to defendant but rather to the government. The question of guilty knowledge, however, was one for the jury, and, notwithstanding the proof did not correspond to the statements made by the district attorney, the jury did find the defendant guilty.

[5] It is also contended that there is no evidence to sustain the verdict of guilty. A motion was made at the close of the evidence for the government to direct a verdict of not guilty. This motion was overruled, and the defendant thereupon introduced evidence. The motion was not renewed at the close of all the evidence, and therefore was waived by the introduction of evidence on the part of the defendant. Sandals v. United States, 213 Fed. 569–573, 130 C. C. A. 149.

[6] Exceptions were also taken to the refusal of the court to give in charge to the jury the following request by the defendant:

"That if you should find that the copper ingots, when they came into the state of Michigan, were not in the same shape and form as they are now, but that the copper was later refined after it came into the state, then your verdict must be not guilty."

This request is based upon the following words appearing in the waybill: "Refined in transit." But this waybill shows on its face that the car was loaded with 50,000 pounds of copper ingots, marked "B. & M."; therefore it must have been refined into ingots at the time this

waybill was written, regardless of whether that had been accomplished before or after it left the original place of shipment. Aside from this, however, the charge of the court is not in the record. No exception is taken to the charge, and the presumption is that it covered the entire case, of which this was a part.

The judgment is affirmed.