## SPIECHOWICZ v. UNITED STATES.

(Circuit Court of 'Appeals, Sixth Circuit. January 6, 1927.)

No. 4706.

1. **Bankruptcy ⊜494—Indictment held sufficient to charge fraudulent concealment of property (Comp. St. § 9613).**

An indictment charging that defendant, while a bankrupt, "did unlawfully, willfully, fraudulently, and feloniously" conceal property from his trustee, *held* sufficient, under Bankruptcy Act, § 29b (Comp. St. § 9613), making it an offense to "knowingly and fraudulently" conceal property.

2. **Bankruptcy ⊜494—Indictment for concealing property must be found within one year after qualification of trustee (Comp. St. § 9613).**

The year within which an indictment must be found charging a bankrupt with concealing property from his trustee, under Bankruptcy Act, § 29d (Comp. St. § 9613), begins to run when the trustee is appointed and has given bond.

3. **Criminal law ⊜1144(13)—Overruling of motion for directed verdict reviewable only as to sufficiency of evidence to go to jury.**

On review of ruling denying motion for directed verdict, appellate court does not consider weight of evidence, but only its sufficiency to warrant submission to the jury.

In Error to the District Court of the United States for the Eastern District of Michigan; Xenophon Hicks, Judge.

Criminal prosecution by the United States against Walter Spiechowicz. Judgment of conviction, and defendant brings error. Affirmed.

Henry A. Behrendt, of Detroit, Mich. (Behrendt & Behrendt, of Detroit, Mich., on the brief), for plaintiff in error.

Chas. A. Meyer, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

MOORMAN, Circuit Judge. This is a proceeding to review a judgment convicting Spiechowicz, a bankrupt, of fraudulently concealing an automobile from his trustee. The indictment is based on section 29b of the Bankruptcy Act (Comp. St. § 9613), which makes it an offense for one to conceal "knowingly and fraudulently * * * while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy." The same act (section 29d) provides that "a person shall not be prosecuted for any offense arising under this act unless the indictment is found or the information is filed in court within one year after the commission of the offense."

[1] It is argued that the indictment is defective because it fails specifically to state, in the words of the statute, that the defendant "knowingly and fraudulently concealed" the property. The language of the indictment is that the bankrupt "did unlawfully, willfully, fraudulently, and feloniously conceal." The word "fraudulently" is used, and the phrase in its entirety is certainly broader than the language of the statute. It clearly implies knowledge as well as intent. United States v. Ehrgott (C. C.) 182 F. 267; Tapack v. United States (C. C. A.) 220 F. 445.

[2] Nor is it alleged that the offense was committed more than one year before the finding of the indictment. Defendant was adjudged a bankrupt February 8, 1924. A trustee was appointed February 26th. He executed bond on March 8th. The indictment, which was found on February 18, 1925, alleges that the offense was committed February 26, 1924. Defendant's point is that, since the trustee's title to the property goes back to the date of the adjudication, the concealment, if there was one, occurred on and is confined to that date. This contention is answered by Johnson v. United States (C. C. A.) 163 F. 30, 18 L. R. A. (N. S.) 1194; Kaufman v. United States (C. C. A.) 212 F. 613, Ann. Cas. 1916C, 466, and Block v. United States (C. C. A.) 9 F. (2d) 618.

[3] On the fact issue the government's evidence was substantial. It shows that the sedan was transferred to Angeline Lipowska by defendant December 13, 1923, in contemplation of bankruptcy, with the understanding that during the bankruptcy proceeding she was to claim it; that he was then indebted to her in the sum of $200, but that he paid that indebtedness December 22d, and instructed her to keep the assignment paper until the bankruptcy proceedings were over; that she was never in possession of the car, and that he used it after the transfer and kept it in his possession; that at his direction she transferred the title paper, without consideration, to a man named Joe, the car then being in defendant's garage. Much of this testimony was denied by defendant. On the other hand, there are circumstances in the record corroborating it. It is not this court's province to determine the weight of the evidence, but in considering a motion for a directed verdict to determine whether it was legally sufficient to submit the case to the jury. Kelley v. United States (C. C. A.) 258 F. 392; Hodge v. United States (C. C. A.) 13 F.(2d) 596. Certainly there was such evidence in this case.

Other questions argued by counsel do not possess the color of merit that requires discussion.

Judgment affirmed.