**MEEK et al. v. UNITED STATES.**

No. 9389.

Circuit Court of Appeals, Sixth Circuit.

June 24, 1943.

J. W. Rankin, of Martin, Tenn., for appellant.

Glenn M. Elliott, of Nashville, Tenn. (William McClanahan and C. P. J. Mooney, both of Memphis, Tenn., and Jeter S. Ray of Nashville, Tenn., on the brief), for appellee.

Before SIMONS, HAMILTON and MARTIN, Circuit Judges.

PER CURIAM.

Indicted for violating the provisions of § 215(a) (3), 29 U.S.C.A., a provision of the Fair Labor Standards Act which prohibits discharge of employees because of their complaints for violation of the provisions of the Act, Meek was convicted for the unlawful discharge of one Crutcher, and Winter for the unlawful discharge of Barnes. Meek assails the conviction on the ground that he could not be guilty of discharging Crutcher because he was not his employer, and both appellants complain of the insufficiency of the evidence to support the verdict.

Meek's separable contention is that he had no control over the business because he had transferred it to Winter, his son-in-law, some time before the discharges. There was evidence, however, that he knew of the complaints before the transfer, that thereafter he handled purchases, did most of the hiring and discharging, had tried to negotiate a lease of the business five months after Winter took over, and that he had told one of the employees that there was no use filing wage claims—that if any one did he would "fire every damn one of them." The evidence is sufficient for the jury to find that Meek exercised enough control of the business to make him responsible for the discriminatory discharges, or, if not directly responsible, that he aided and abetted discharge by Winter so as to warrant a verdict of guilty under the aiding and abetting statute, 18 U.S. C.A. § 550. It is immaterial whether Meek, at the time, was Crutcher's employer, or whether he was engaged in interstate commerce, since the prohibitions of the statute are directed to "any person." William

Bowe et al. **v.** Judson C. Burns, Inc., 3 Cir., 137 F.2d 37. As there pointed out, the differentiation between the prohibitions in other sections of the Act directed to the "employer," and those here directed to "any person," is significant of the intent of the Congress. The language is clear and conforms to the pattern of the Act.

In respect to the discharge of Barnes by Winter, the evidence is clear. Barnes was an old and valuable employee who had been retained and promoted even after discovery of discrepancies in his accounts as a salesman. Winter found out about Barnes' claims for compensation under the Act, on August 17, and discharged him, August 18. Ostensibly, at least, Winter was Barnes' employer, and under all the evidence was in no position to deny it.

No other question of law appears in the case. The charge of the court to the jury was without exception and was not included in the record. It must be assumed that it properly covered all questions in the case. Nichamin v. United States, 6 Cir., 263 F. 880; United States v. Gardzielewski, 7 Cir., 125 F.2d 138, certiorari denied 315 U.S. 823, 62 S.Ct. 915, 86 L.Ed. 1219.

Judgments and sentences are affirmed.