**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**ROSS PACKAGING COMPANY, Inc., et al., Appellees.**

**No. 22579.**

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1966.

Allen H. Sachsel, Atty., Bessie Margolin, Assoc. Sol., Charles Donahue, Sol. of Labor, Robert E. Nagle, Atty., U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., for appellant.

Before RIVES, BELL and THORNBERRY, Circuit Judges.

PER CURIAM:

The Secretary of Labor brought this action to restrain violations of the Fair Labor Standards Act,[1] to recover unpaid

1. Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended; 29 U.S.C. § 201 et seq.

minimum wages and overtime compensation due under Sections 6 and 7 of the Act, and to obtain reimbursement of wages lost because of discriminatory discharges in violation of Section 15(a) (3). This appeal is from the district court's refusal to grant relief on behalf of one of the employees, Adrian Johnson, who was discriminatorily discharged.

Defendant Ross Preserving Company, Inc. is engaged in the manufacture and distribution of preserves, jellies and gift packages, substantial quantities of which were found by the court to have been shipped interstate, while defendant Ross Packaging Company, Inc. manufactures and distributes packaging materials for fruits and preserves. Both companies, which operate from adjoining premises, are actively managed and directed by defendants Sarah Rossheim and her son Ralph Rossheim.

Following a Wage-Hour investigation of defendants' businesses in the Fall of 1963, which revealed violations of the Act, defendants agreed to make restitution of wages unlawfully withheld from their employees. Mrs. Rossheim subsequently prepared official receipt forms to evidence payments of the deficiencies. Six employees signed the forms without, in fact, receiving the amounts due, and these false receipts were submitted to the Wage and Hour Division by Mrs. Rossheim. However, two employees of Ross Preserving Company and one employee of Ross Packaging Company insisted upon payment of their back wages before signing their receipt forms, and were promptly discharged. Although defendants contended at trial that all three of these employees were discharged for cause, the district court found their discharges were "a direct result of their participation in the government's investigation and their insistence upon receiving retroactive wage payments from defendants." Accordingly, the district court concluded that the discharges of the two employees of Ross Preserving Company were in violation of Section 15(a) (3), and awarded payment of lost wages on their behalf. However, the court refused to award relief on behalf of the one Ross Packaging Company employee, Adrian Johnson, concluding that his discharge was not in violation of the Act, since "the evidence was insufficient to establish that any employees of Ross Packaging Company, Inc. were engaged in commerce or in the production of goods for commerce."

 It is clear that the district court erred in holding that Adrian Johnson's discharge was not in violation of Section 15(a) (3). Unlike the wage and hour provisions of Sections 6 and 7 of the Act, which apply only to an "employee * * * engaged in commerce or in the production of goods for commerce," [2] the protections of Section 15(a) (3) apply, without qualification, to "any employee." [3] The *prohibitions* of Section 15(a) (3) are similarly unlimited, for they are directed to "any person." Thus the clear and unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the Act's wage and hour provi-

---

**2.** Since 1961 the wage and hour provisions have also applied to employees of certain "enterprises" meeting prescribed dollar volume and other tests; such additional basis for coverage, however, is not applicable in the instant case.

**3.** The applicable statutory language is as follows:

"Sec. 15. (a) After the expiration of one hundred and twenty days from the date of enactment of this Act, it shall be unlawful for *any person*—

\* \* \* \* \*

(3) to discharge or in any other manner discriminate against *any employee* because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee." (Emphasis added.)

sions in order for the strictures against discriminatory discharge to be invoked.[4]

The judgment of the district court is reversed insofar as it held that the discharge of Adrian Johnson was not in violation of Section 15(a) (3).

Reversed and remanded.

4. See Meek v. United States, 6 Cir. 1943, 136 F.2d 679; Walling v. O'Grady, 3 WH Cases 781, 7 Lab.Cas. ¶61,842 (S.D.N.Y. 1944, not otherwise reported), reversed as to the denial of monetary relief, 146 F.2d 422 (2 Cir.); McComb v. Lando, 8 WH Cases 205, 15 Lab.Cas. ¶64,672 (S.D. N.Y.1948, not otherwise reported); and Mitchell v. Equitable Co., 13 WH Cases 564, 34 Lab.Cas. ¶71,317, ¶71,428 (D.N.J. 1958, not otherwise reported). Compare Weiss v. United States, 1939, 308 U.S. 321, 328, 329, 60 S.Ct. 269, 84 L.Ed. 298.