Felix **OBREGON,** Yerid Benito Lariosa, Emilio O. Vasquez and others similarly situated, Plaintiffs

v.

**JEP FAMILY ENTERPRISES, INC.** a/k/a Eastern Drywall Corp., Juan E. Planas and Luis I. Planas, Defendants.

Case No. 09–21753–CIV–JORDAN.

United States District Court, S.D. Florida, Miami Division.

April 8, 2010.

Jamie H. Zidell, Miami Beach, FL, for Plaintiffs.

Harry N. Turk, Harry N. Turk, P.A., Miami, FL, for Defendants.

ORDER ON MOTION FOR SUMMARY JUDGMENT

ADALBERTO JORDAN, District Judge.

Felix Obregon, Yerid Benito Lariosa, and Emilio Vasquez, filed an action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* In addition, Mr. Vasquez asserted an FLSA retaliatory discrimination and discharge claim. The defendants contend that the plaintiffs have not established coverage under the FLSA for either claim because Eastern Plastering and Eastern Drywall are not "enterprises engaged in commerce." *See* 29 U.S.C. § 207(a)(1).

For the reasons stated below, the defendants' motion for summary judgment [D.E. 25] is **GRANTED IN PART AND DENIED IN PART.**

## I. LEGAL STANDARD

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted. *See Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. That is, "[w]here the record taken as a whole could not lead a rational trier of tact to find for the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" *see Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir.1997), and "resolve all reasonable doubts about the facts in favor of the nonmovant." *See United of Omaha Life Ins. v. Sun Life Ins. Co.,* 894 F.2d 1555, 1558 (11th Cir.1990).

## II. FACTUAL BACKGROUND

Eastern Plastering performs drywall installation, plastering, and repairwork, as a subcontractor for government construction contracts in Miami–Dade County. Eastern Drywall manages independent contractors that work on Eastern Plastering's projects. Both companies perform work and advertise solely within Florida. The corporate defendants stipulate that each has in excess of $500,000 in gross annual sales. Eastern Plastering purchases all its project materials from local suppliers in Miami–Dade County. Some of these materials—including insulation, drywall screws, drywall, mesh tape, and sandpaper—are manufactured out-of-state.

Mr. Obregon, Mr. Benito Lariosa, and Mr. Vasquez, were employed by the defendants to install drywall on Eastern Plastering's projects.[1] They did not purchase materials for use at the jobsite, but used materials supplied by Eastern Plastering, including materials manufactured out-of-state.

On June 23, 2009, Mr. Vasquez requested time off so that he could consult with an attorney regarding the filing of an FLSA claim. Two days later, Alvaro Reyes, a supervisor on the project acting on behalf of Luis Planas, approached Mr. Vasquez and told him that work was slowing down, but that if he dropped his FLSA claim, he could obtain employment at the next job site. When Mr. Vasquez refused to let his claim go, he was fired during his lunch break and before he completed his task at the job site.

### III. Legal Analysis

To establish a claim for overtime compensation under the FLSA, the plaintiffs must show "individual coverage"—"that they were engaged in commerce or in the production of goods for commerce," or "enterprise coverage"—that Eastern Plastering and Eastern Drywall are "enterprises engaged in commerce." *See* 29 U.S.C. § 207(a)(1). The plaintiffs concede that "individual coverage" does not apply because they were not "engaged in commerce or in the production of goods for commerce." Therefore, the issue is whether Eastern Plastering and Eastern Drywall are "enterprises engaged in commerce." An "enterprise engaged in commerce or in the production of goods for commerce" is an enterprise that (i) "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has a(ii) "gross volume

of sales made or business done [ ] not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Eastern Plastering and Eastern Drywall admit that they each have a gross volume of business in excess of $500,000, but argue that the first element of enterprise coverage is not met because they perform work, advertise, and purchase materials solely within Florida. The Eleventh Circuit has held that a plaintiff could not show enterprise coverage where the defendant corporation did not have employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" because it purchased construction materials primarily from a Home Depot located in Florida, and did not purchase the goods for resale. *See Scott v. K.W. Max Investments, Inc.*, 256 Fed.Appx. 244, 248 (11th Cir.2007). *See also Sandoval v. F'a. Paradise Lawn Maint., Inc.*, 303 Fed.Appx. 802, 806 (11th Cir.2008) (no enterprise coverage where goods purchased locally for local use). For enterprise coverage to exist, the employee must directly participate in the "actual movement of persons or things in *interstate* commerce," and not merely purchase out-of-state goods from a local store for local use. *See Flores v. Nuvoc. Inc.*, 610 F.Supp.2d 1349, 1352–53 (S.D.Fla.2008) (applying Scott and finding that the purchase of lumber that had come to rest at hardware stores in South Florida for use in construction in South Florida did not show that an employee handled or worked on goods that had been moved in interstate commerce). Numerous cases have, consistent with *Scott*, concluded that there is no enterprise coverage where a corporation purchases materials from stores in Florida for use in Florida, even if these materials were shipped to the stores

---

1. Mr. Obregon and Mr. Vasquez were employed Eastern Drywall and Mr. Lariosa was employed by Eastern Plastering.

from out-of-state. *See, e.g., Lamonica v. Safe Hurricane Shutters, Inc.,* 578 F.Supp.2d 1363, 1367–68 (S.D.Fla.2008) (no enterprise coverage where blades used for hurricane shutters were manufactured in Columbia, but purchased in South Florida); *Polycarpe v. E & S Landscaping Serv., Inc.,* 572 F.Supp.2d 1318, 1321 (S.D.Fla.2008) (no enterprise coverage where goods and tools purchased from local retail store for local use); *Bien–Aime v. Nanak's Landscaping, Inc.,* 572 F.Supp.2d 1312, 1315–16 (S.D.Fla.2008) (same); *Milbourn v. Aarmada Protection Sys. 2000, Inc.,* 588 F.Supp.2d 1341, 1346 (S.D.Fla.2008) (same). In this case, the facts—viewed in the light most favorable to the plaintiffs—show that Eastern Drywall and Eastern Plastering purchased construction materials that were manufactured out-of-state from local stores for use on projects in Miami–Dade County. As a result, there is no enterprise coverage because Eastern Drywalls and Eastern Plastering's employees did not participate in the "actual movement of persons or things in interstate commerce." *See Flores,* 610 F.Supp.2d at 1352–53. Therefore, the plaintiffs' overtime wage claims fail.[2]

■■■ To establish a retaliation claim under the FLSA, Mr. Vasquez must show that "any person . . . discriminat[ed] against any employee because such employee has filed any complaint or instituted or caused to be instituted" an FLSA action. *See* 29 U.S.C. § 215(a)(3). The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show "individual coverage" or "enterprise coverage." *See Wirtz v. Ross Packaging Co.,* 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").[3] *See also Sapperstein v. Hager,* 188 F.3d 852 (7th Cir.1999) (retaliation action may be maintained when enterprise coverage is not met). "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) [the plaintiff] engaged in activity protected under [the] act; (2)[he] subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca–Cola Co.,* 200 F.3d 1337 (11th Cir.2000) (citation omitted). The facts, in the light most favorable to Mr. Vasquez, show that he consulted with an attorney about filing an FLSA claim, that two days later his employer asked

---

**2.** I decline to follow *Exime v. E.W. Ventures,* 591 F.Supp.2d 1364 (S.D.Fla.2008) and *Galdames v. N & D Inv. Corp.,* 2008 WL 4372889 (S.D.Fla.2008), which hold enterprise coverage applies where a corporation purchases materials manufactured out-of-state from a local store. These cases fail to accord appropriate consideration to the Eleventh Circuit's persuasive reasoning in *Scott v. K.W. Max Investments, Inc.,* 256 Fed.Appx. 244 (11th Cir.2007), *Sandoval v. Fla. Paradise Lawn Maint, Inc.,* 303 Fed.Appx. 802, 806 (11th Cir.2008), and *Thorne v. All Restoration Services, Inc.,* 448 F.3d 1264 (11th Cir.2006). The Eleventh Circuit cases explain that "individual coverage" and "enterprise coverage" are not met when an employer or employee purchases goods from a local store, even if the goods had previously traveled in interstate commerce. In addition, the expansive definition of enterprise in *Exime* and *Galdames* "would read the statute to mean that virtually any enterprise that meets the statutory annual gross sales requirement is subject to the FLSA." *See Flores,* 610 F.Supp.2d at 1353.

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

him to drop his claim, and terminated him immediately before he finished work on his project when he refused. These facts are sufficient for Mr. Vasquez to survive summary judgment and to maintain his claim for retaliation against Eastern Drywall and Luis Planas.[4]

### IV. CONCLUSION

For the reasons stated above, summary judgment in favor of the defendants is GRANTED as to Count 1. Count 2 will proceed to trial against Eastern Drywall and Luis Planas.

---

4. The Eleventh Circuit withheld judgment on whether an FLSA retaliation claim may be brought against an individual. *See Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928, 932 n. 7 (11th Cir.2000). Retaliation claims against individuals are permissible, however, because the plain language of the statute prohibits "any person" from discharging an employee for filing an FLSA claim. *See* 29 U.S.C. § 215(a)(3). "Person" is defined as "an individual" or "corporation." *See* 29 U.S.C. § 203(a).