Lisa JOSEPH, Plaintiff,

v.

NICHELL'S CARIBBEAN CUISINE, INC., a Florida corporation, Defendant.

Case No. 11–62594–CIV.

United States District Court, S.D. Florida.

Jan. 26, 2012.

As Amended July 17, 2012.

Lawrence Joseph McGuinness, Miami, FL, for Plaintiff.

Kristopher Walter Zinchiak, Seth Michael Amkraut, Chris Kleppin, Glasser Boreth & Kleppin, Plantation, FL, for Defendant.

*ORDER GRANTING IN PART AND DE-NYING IN PART DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT*

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon the Defendant Nichell's Carribean Cuisine, Inc. ("Defendant")'s Motion to Dismiss Case as Frivolous, Alternatively, Motion to Convert Motion to Dismiss into One for Summary Judgment, and Motion for Summary Judgment [DE 3], filed herein on December 7, 2011. The Court has carefully considered the Motion, Plaintiff Lisa Joseph ("Plaintiff")'s Response [DE 5], Defendant's Reply [DE 10], the supporting documentation, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff, a former waitress and cashier for Defendant, a local Jamaican restaurant, filed a Complaint in state court on November 16, 2011, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for overtime violations and retaliation. Defendant removed the action to this Court on December 7, 2011 on the basis of federal question jurisdiction. 28 U.S.C. §§ 1331 and 1343. The Complaint sets forth two (2) substantive counts pursuant to the FLSA: "Count I—Unpaid Overtime" and "Count II–Retaliation." Plaintiff seeks back wages, liquidated damages, prejudgment interest, attorneys' fees, and litigation expenses.

## II. STANDARD OF REVIEW

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."

Fed.R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the plain language of Fed.R.Civ.P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleadings," but instead must come forward with "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).

## III. *DISCUSSION*

### (1) *FLSA ENTERPRISE COVERAGE*

■ Defendant argues that the undisputed material facts establish that Defendant does not meet the requirements for "enterprise coverage" under the FLSA. In order for an enterprise to be "engaged in commerce" for purposes of enterprise coverage, a business must have employees handling goods or materials that have been moved in interstate commerce and must have annual gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(i), (ii). Here, Defendant produced tax returns in support of its motion for summary judgment indicating that Defendant does not meet the second requirement for enterprise coverage. In her Response, Plaintiff has conceded that enterprise coverage does not apply to Defendant. *See* [DE 5] at p. 4. Accordingly, Defendant's motion for summary judgment as to the issue of FLSA enterprise coverage shall be granted.

### (2) *FLSA INDIVIDUAL COVERAGE*

■ Second, Defendant requests that the Court, on summary judgment, rule as a matter of law that Plaintiffs FLSA unpaid overtime claim also fails as to the theory of FLSA individual coverage. For individual coverage to apply under FLSA, Plaintiff must prove that she was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Services, Inc.,* 448 F.3d 1264 (11th Cir.2006) (citing 29 U.S.C. § 207(a)(1)) (stating "no employer shall employ any of his employees who . . . is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee received compensation . . . at a rate no less than one and one-half times the regular rate"). The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce. *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 121, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); *Warren–Bradshaw Drilling Co. v. Hall* 317 U.S. 88, 90, 63 S.Ct. 125, 87 L.Ed. 83 (1942). Here, Plaintiff does not contend that she was engaged in the production of goods for interstate commerce.

■ The test to determine whether an employee is engaged in commerce "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld,* 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943). In the Eleventh Circuit, to be covered under the Act, a plaintiff must be "directly participating in the actual movement of persons or things in interstate commerce." *Thorne,* 448 F.3d at 1266. Moreover, "a substantial part of [Plaintiff s] work" must be the engagement in interstate commerce for the Plaintiffs to successfully invoke individual coverage. *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460 (1943) (holding that individual coverage is established "[i]f a substantial part of an employee's activities related to goods whose movement in the channels of interstate commerce was established by the test we have described, he is covered by the [FLSA]").

The following facts related to Plaintiff's claim of individual coverage are undisputed for purposes of this summary judgment motion: (a) Plaintiff processed credit and debit card purchase transactions; (b) Plaintiff served food prepared with ingredients that had crossed state lines; (c) Plaintiff served beverages that had been produced out-of-state; (d) Plaintiff served customers who had come to Defendant's

restaurant from out of the state of Florida. *See* [DE 5–2].

■ Based upon these undisputed facts, the Court finds, as a matter of law, that Plaintiff was not individually engaged in interstate commerce. Usage of credit cards is insufficient for purposes of establishing FLSA individual coverage. *See Thorne,* 448 F.3d at 1266–67 (rejecting argument that regular usage of credit cards sufficient for establishing FLSA individual coverage)[1]; *Marckenson v. LAL Peker, LLC,* 2011 WL 5023422, *4 (S.D.Fla. Oct. 19, 2011) (processing credit cards for goods purchased locally does not constitute engaging in interstate commerce); *see also Kitchings v. Fla. United Methodist Children's Home, Inc.,* 393 F.Supp.2d 1282, 1293 n. 26 (M.D.Fla.2005) (holding that plaintiff's use of a credit card to purchase local goods did not constitute "engagement in commerce"); *Dent v. Giaimo,* 606 F.Supp.2d 1357, 1361 (S.D.Fla.2009) ("This Court also holds that plaintiff's use of . . . credit cards is insufficient to establish jurisdiction. To be considered 'engaged in interstate commerce' a business must use a credit card specifically to transact business in interstate commerce.").

Next, handling goods, in this case food or beverages, that have previously traveled in interstate commerce does not constitute engaging in interstate commerce. *See Thorne,* 448 F.3d at 1267 (holding that "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act") (citing *McLeod v. Threlkeld,* 319 U.S. 491, 493, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943));

*Navarro v. Broney Automotive Repairs, Inc.,* 314 Fed.Appx. 179, 180 (11th Cir. 2008) ("The automotive parts were removed from the flow of interstate commerce when they arrived at the auto parts stores."). *See also Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1316 (11th Cir.2011) ("While the point of origin of these vehicles may be relevant under a theory of enterprise coverage, *their origin is irrelevant to the issue of individual coverage*—namely, whether [plaintiff] himself directly participated in the actual movement of persons or things in interstate commerce.") (emphasis added).

In this case, the fact that the food (or ingredients) and beverages to be served to customers may have passed in interstate commerce prior to arriving at the restaurant does not invoke individual coverage under the FLSA. *See, e.g., Lopez v. Top Chef Inv., Inc.,* 2007 WL 4247646, *2 (S.D.Fla. Nov. 30, 2007) ("Plaintiff alleges that he was individually engaged in commerce because he cooked food that had passed in interstate commerce . . . However, it appears that the restaurant prepared food to be served in the local restaurant; Plaintiff does not allege that the food later returned to interstate commerce. The mere fact that the food may have passed in interstate commerce prior to arriving at the restaurant does not mean that the Plaintiff was engaged in commerce for individual coverage."); *Martinez v. Palace,* 414 Fed.Appx. 243 (11th Cir.2011) (affirming ruling that restaurant cook was not engaged in commerce for purposes of individual coverage under the FLSA even if he

---

1. Plaintiff relies on a U.S. Department of Labor Fact Sheet to support her claim that handling credit card transactions "likely" put her within the auspices of the Act. *See* [DE 5] at p. 5; [DE 5–3]. However, U.S. Department of Labor Fact Sheet is not binding law, particularly where, as here, it runs afoul of the binding authority in *Thorne. See Thorne,* 448 F.3d at 1267 (rejecting plaintiff's reliance on Department of Labor opinion letter).

handled food products and tools that had traveled in commerce).

Finally, whether the customers Plaintiff served at Defendant's restaurant were local or from out-of-state is immaterial to establishing individual FLSA coverage. *See Jacobs v. Dolanlil, Inc.,* 2010 WL 1730807, *4 (M.D.Fla. April 12, 2010) ("By washing cars from out-of-state, Plaintiff is not participating in the actual movement of persons or things in interstate commerce."); *Dent,* 606 F.Supp.2d at 1361 (applying "ultimate-consumer doctrine," held that it was immaterial to plaintiffs individual coverage claim that approximately 70% of the defendant's patients were not Florida residents).

Based upon the foregoing, the Court concludes that FLSA individual coverage does not apply to Plaintiff. Accordingly, Defendant's motion for summary judgment as to this issue shall be granted.

### (3) FLSA RETALIATION CLAIM

Third, Defendant requests (in its Reply memorandum) that the Court grant summary judgment to Defendant with respect to Plaintiffs retaliation claim because (1) Plaintiff is not covered by the FLSA so she is precluded from bringing an FLSA retaliatory firing claim and (2) Plaintiff fails to set forth a *prima facie* retaliation claim.

■ As a preliminary matter, the Court notes that Defendant is improperly raising an entirely new motion in its Reply that was not presented in Defendant's Motion. For this reason alone, Defendant's untimely motion is due to be denied as to Plaintiffs FLSA retaliation claim. *See United States v. Day,* 405 F.3d 1293, 1294 (11th Cir.2005) (treating issues and contentions raised for the first time in a reply brief as waived or abandoned).

■ Nonetheless, even if the Court were to consider the motion on the merits, the Court concludes that it would properly be denied. Defendant relies heavily on an unreported Southern District of New York case, *Lamont v. Frank Soup Bowl, Inc.,* 2001 WL 521815 (S.D.N.Y. May 16, 2001), for its position that a plaintiff cannot bring an FLSA retaliation claim if he or she is not subject to the provisions of the FLSA. However, the law in the Eleventh Circuit is clear that the lack of individual or enterprise coverage for an overtime claim does not defeat a retaliatory discharge claim under 29 U.S.C. 215(a)(3). *See Wirtz v. Ross Packaging Comp.,* 367 F.2d 549 (5th Cir.1966)[2]; *see also Cedano v. Alexim Trading Corp.,* 2011 WL 5239592, *4 (S.D.Fla. Nov. 01, 2011) ("Plaintiffs' exemption from the protections of the wage and hour provisions of the FLSA does not preclude them from bringing a claim under the retaliatory firing provision of the FLSA"); *Obregon v. JEP Family Enter., Inc.,* 710 F.Supp.2d 1311, 1314 (S.D.Fla. 2010) ("The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'"); *Cabral v. Lakes Cafe Sports Bar & Grill Inc.,* 2010 WL 1372457, *6 (S.D.Fla. March 31, 2010) ("Because the lack of individual or enterprise coverage for an overtime claim does not defeat a retaliatory discharge claim, Count II, for retaliatory discharge under 29 U.S.C. 215(A)(3), will go forward"). As the district court explained in *Cedano:*

> The retaliatory firing provision of the FLSA states that "it shall be unlawful

---

**2.** *Wirtz* is binding precedent in this Circuit through *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), in which the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3). In *Wirtz v. Ross Packaging Comp.*, 367 F.2d 549 (5th Cir.1966), the Court held that "[u]nlike the wage and hour provisions of Sections 6 and 7 of the [FLSA], which apply only to an 'employee ... engaged in commerce or in the production of goods for commerce,' the protections of [the retaliatory provision] apply, without qualification, to 'any employee.' The prohibitions of [the retaliatory provision] are similarly unlimited, for they are directed to 'any person.' Thus the clear and unambiguous language of the statute refutes the ... view that either the employee or his employer must be engaged in activities covered by the Act's wage and hour provisions in order for the strictures against discriminatory discharge to be invoked." *Wirtz*, 367 F.2d at 550–51. More recently, Judge Jordan also ruled that "[t]he FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations." *Obregon v. JEP Family Enter., Inc.*, 710 F.Supp.2d 1311, 1314 (S.D.Fla.2010) (citing *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550–551 (5th Cir.1966)).

*Cedano*, 2011 WL 5239592, at \*4. Therefore, Plaintiff is not precluded as a matter of law from bringing a claim under the retaliatory firing provision of the FLSA.

 "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: '(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.'" *Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43

(11th Cir.2000). Here, Plaintiff claims that a few weeks prior to her termination, she complained to Defendant multiple times that it was illegal for Defendant to fail to pay her overtime compensation for all of the hours she worked over forty hours per week, and that she was fired in retaliation for these complaints. *See* [DE 5–1] at ¶¶ 10, 11. The elements of the cause of action are sufficiently pled. Defendant denies Plaintiff's asserted reason for the firing and claims that she was fired on unrelated grounds. There are material issues of fact as to Defendant's motivation for Plaintiff's firing—and as to the requisite causal connection—that cannot be resolved at the summary judgment stage.

Accordingly, Defendant's motion for summary judgment as to Count II, Plaintiff's FLSA retaliatory firing claim, shall be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Case as Frivolous, Alternatively, Motion to Convert Motion to Dismiss into One for Summary Judgment, and Motion for Summary Judgment [DE 3] is hereby **GRANTED IN PART AND DENIED IN PART** as follows:

 a. Summary judgment is hereby **GRANTED** in Defendant's favor on the issue of FLSA enterprise coverage;

 b. Summary judgment is hereby **GRANTED** in Defendant's favor on the issue of FLSA individual coverage;

 c. As a matter of law, Plaintiff cannot establish individual or enterprise coverage under the FLSA and, thus, summary judgment is hereby **GRANTED** in Defendant's

favor as to Count I—Unpaid Overtime;

d. Summary judgment is hereby **DENIED** as to Count II—Retaliation.