**Jorge Alberto BARRERA, et al., Plaintiffs,**

v.

**WEISS & WOOLRICH SOUTHERN, et al., Defendants.**

**Case No. 09–21841–CIV.**

United States District Court, S.D. Florida, Miami Division.

Oct. 19, 2012.

Edilberto O. Marban, Miami, FL, for Plaintiffs.

Chris Kleppin, Kristopher Walter Zinchiak, Glasser Boreth & Kleppin, Plantation, FL, for Defendants.

### *ORDER*

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendants' Verified Motion to Tax Costs [D.E. 571].

**THE COURT** has conducted a *de novo* review of the file and is otherwise fully advised in the premises.

**THIS MATTER** was assigned to the Honorable United States Magistrate Judge Jonathan Goodman. The Magistrate Judge issued the instant Report recommending that Defendants be awarded $32,109.77 in costs pursuant to 28 U.S.C. § 1920, along with post-judgment interest pursuant to 28 U.S.C. § 1961 at the rate of 0.18%. [D.E. 579]. The parties filed no objections to the Magistrate's Report.

Accordingly, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge Goodman's Report is hereby **RATIFIED, AFFIRMED and APPROVED** in its entirety. [D.E. 579]. It is further

**ORDERED AND ADJUDGED** that Defendants' Verified Motion to Tax Costs [D.E. 571] is **GRANTED** in part. Defendants are awarded $32,109.77 in costs pursuant to 28 U.S.C. § 1920, plus post-judgment interest pursuant to 28 U.S.C. § 1961 at the rate of **0.18% accruing as of May 16, 2011.**

## REPORT AND RECOMMENDATIONS ON VERIFIED MOTION TO TAX COSTS

JONATHAN GOODMAN, United States Magistrate Judge.

This matter comes before the Undersigned on Defendants' Motion to Tax Costs. [ECF No. 571]. Defendants request that $45,209.91 in costs be awarded. [*Id.* at p. 1]. Plaintiffs oppose Defendants' motion, asserting that Defendants are only entitled to a portion of the costs Defendants seek to tax.

The Undersigned has reviewed the Motion, Defendants' Memorandum in Support, Plaintiffs' Response and Defendants' Reply. [ECF Nos. 571, 572, 575 and 578].

For the reasons outlined below, the Undersigned **RESPECTFULLY RECOMMENDS** that the District Court enter an award for costs to the Defendants in the amount of **$32,109.77** (approximately $13,000 less than requested).

### I. *Background*

This case involved a number of ultimately unsuccessful Fair Labor Standards Act (FLSA) overtime claims brought by Plaintiffs against Defendants. [ECF No. 32]. After a trial before the Honorable Donald L. Graham, United States District Judge, a jury found that Defendants were not liable for unpaid overtime to any of the Plaintiffs. [ECF Nos. 438–51]. On May 16, 2011, the District Court entered a final judgment in favor of Defendants. [ECF No. 459]. On June 14, 2011, Defendants filed their verified motion to tax costs with the bill of costs attached. [ECF No. 510]. On June 15, 2011, Judge Graham referred that motion, along with the Defendants' motion to compel settlement, to the Undersigned. [ECF No. 511]. On July 28, 2011, the Undersigned recommended that the District Court deny Defendants' motion to compel settlement. [ECF No. 553].

On March 2, 2012, Defendants filed the pending Motion for Bill of Costs. [ECF No. 571]. That same day, Judge Graham referred the motion to the Undersigned. [ECF No. 573].

### II. *Legal Standard*

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." For the purposes of Rule 54(d)(1), a "prevailing party" is a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir.2002) (*citing Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)).

Specific costs which may be awarded are set forth in 28 U.S.C. § 1920, which states:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

■ When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.,* 609 F.Supp.2d 1328, 1333 (S.D.Fla.2009). Nevertheless, despite this burden, a court is limited to taxing only those costs specifically authorized by statute. *E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir.2000) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)).

■ In cases where a prevailing party seeks interest on the costs, as Defendants do here, "the award of costs bears interest from the date of the original judgment." *Georgia Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir. 1988).

### III. *Analysis*

Defendants seek six categories of costs: (a) Fees of the clerk and marshal for service of process and subpoenas; (b) witness fees; (c) copy costs; (d) court reporter fees for transcripts; (e) translator costs; and (f) interest flowing from the date of final judgment on any and all costs taxed. [ECF No. 572]. The Undersigned will address Defendants' requests on a categorical basis.

#### a. Fees of the Clerk and Marshal

i) *Service of Process of Document Requests*

The Undersigned recommends that Defendants be awarded the $35.00 *uncontested* fee sought in connection with the document request to Compupay. [ECF No. 575, p. 2].

Plaintiffs contest the $75.00 fee sought for service of process to Southeast Personnel Leasing in Holiday, Florida. [*Id.*]. The Eleventh Circuit has held that service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process.[1] *E.E.O.C,* 213 F.3d at 624. The U.S. Marshals' fee schedule provides that the amount charged by U.S. Marshals for service of process is "$55 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 CFR § 0.114(a)(3).

■ The Undersigned recommends that the awarded costs be reduced to $55.00, in accordance with the Marshals fee. While the Undersigned recognizes that Southeast Personnel Leasing is not within the so-called "100 mile bulge," the Undersigned believes that Defendants had no need to use a South Florida process server to serve Southeast Personnel.

Therefore, the Undersigned recommends that Defendants be awarded a total of **$90.00** for costs in connection with service of process of documents.

ii) *Service of Process of Subpoenas*

■ Defendants issued a number of subpoenas to witnesses residing more than 100 miles from the Southern District of Florida. Defendants argued that the issuance of these subpoenas was necessary in order to establish that the individual or entity served was unavailable to testify at trial and therefore permit the witness's deposition transcript to be read into evidence.

---

1. "The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida." *Jackson v. Grupo Industrial Hotelero,* *S.A.,* Case No. 07–22046–CIV–Huck/O'Sullivan (S.D.Fla. Jan. 21, 2010) (DE # 280) (Report and Recommendations O'Sullivan, J.) at p. 12 n. 1.

The Undersigned believes that a more proper and cost effective approach would have been in accordance with Federal Rule of Civil Procedure 32(a)(4)(B), which provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds ... that the witness is more than 100 miles from the place of hearing or trial." This rule would not require a showing that any of the witnesses were unavailable, and Defendants do not need a process server to demonstrate that a witness resides outside of the 100–mile zone. To the extent that the mileage became a legitimate issue (e.g., Plaintiffs contend that a witness is actually only 97 miles away), then the Court could take judicial notice of the mileage from a map or Defendants could submit an affidavit, if necessary. As these subpoenas were issued unnecessarily, the Undersigned recommends that no costs be awarded to Defendants for such subpoenas.[2]

■ Plaintiffs contest subpoenas served on Miguel Guevara; Compupay (for both trials); Mario Avilia; Marcial A. Rugama; and Jose L. Orellana [ECF No. 575, pp. 3–4] because these witnesses were not called at trial. The Defendants characterize the decision to not call these witnesses at trial as "trial strategy." The Undersigned agrees that Defendants have the latitude to subpoena witnesses and subsequently decline to call them at trial. Therefore, the Undersigned recommends that costs be awarded to Defendants for these subpoenas at the $55.00 statutory amount, for a total amount of **$330.00**.

■ Plaintiffs object to the subpoenas issued to R & G Community Services, LLC, Vita Miami Acorn and JK Immigration Services (collectively "the accounting services"). Plaintiffs assert that the ac-

counting services were subpoenaed in order to impeach Plaintiffs and are therefore not taxable costs. Arguments concerning properly calling witnesses and the admissibility of their testimony are misplaced in cost disputes. The costs rule does not concern itself with the reason for serving a witness, and there is no direct/impeachment/rehabilitation distinction for determining whether subpoena costs should be awarded. The Undersigned therefore recommends that Defendants be awarded costs of $55.00 for each of the three subpoenas, for a total award of **$165.00**.

### b. Witness Fees

■ Plaintiffs assert that witness fees for witnesses who did not testify at trial should not be awarded. [ECF No. 575, p. 6]. However, witness fee statutes are appropriate not only for witnesses who testify, but for all witnesses who "have been summoned and are ... available to testify." *Hurtado v. United States*, 410 U.S. 578, 584–5, 93 S.Ct. 1157, 35 L.Ed.2d 508 (1973). Plaintiffs contest the witness fees solely on the basis of the fact that the witnesses were not called at trial, not on the reasonableness of subpoenaing the witnesses and making them available to testify. In cases such as the instant one, where the prevailing party maintained a good faith belief that a witness's testimony would be necessary, witness fees are recoverable.

■ 28 U.S.C. § 1821(b) states that:

A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning

---

2. These subpoenas include: The subpoena issued to Carlo Rebosio; the two subpoenas issued to Southeast Personnel Leasing; and the subpoena issued to Jose Pineda.

and end of such attendance or at any time during such attendance.

Each witness fee sought by Defendants is $45.00. The Undersigned finds that the $5.00 Defendants seek in addition to the statutory rate is a reasonable compensation for each witness's "time necessarily occupied in going to and returning from the place of attendance." *Id.* The Undersigned therefore recommends that Defendants be awarded **$405.00** for witness fees.

### c. Copy Costs

Defendants request reimbursement in the amount of $17,787.42 for copies made in-house, $636.49 for copies made at FedEx Kinko's and $65.25 for copies of subpoenaed documents made by Southeast Leasing Personnel. [ECF No. 572, p. 9]. Plaintiffs argue that the costs sought for in-house copies should either be entirely denied or, in the alternative, reduced from the requested rate of $.19 per page. [ECF No. 575, p. 8]. They also object to the costs request for the two outside vendors.

■ 28 U.S.C. § 1920(4) permits recovery of fees "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The affidavit of Elethia Sinclair, the Defendants' paralegal, along with accompanying copy counter printouts, identify the client/matter for which the copies were made. [ECF No. 571, pp. 29–46]. While it is true that Defendants have not specifically explained the need for, or use of, each particular copy, such specific explanations are not required. *Powell v. The Home Depot, U.S.A., Inc.,* No. 07–80435–CIV, 2010 WL 4116488 (S.D.Fla. Sept. 14, 2010) *report and recommendation adopted sub nom. Powell v. The Home Depot U.S.A., Inc.,* No. 07–80435–CIV, 2010 WL 4102933 (S.D.Fla. Oct. 18, 2010). *See also Dillon v. Axxsys Int'l, Inc.,* No. 8:98–cv–2237–T–23TGW, 2006 WL 3841809, at *7 (M.D.Fla.

Dec. 19, 2006) (noting that while the burden of establishing entitlement to costs for copies lies with the prevailing party, the prevailing party need not make "an accounting for each photocopy because that would make it impossible economically to recover those expenses.")

■ However, the Undersigned finds the rate of $.19 per page to be excessive. Photocopying services in the Southern District of Florida have been found to be "available for as low as $.07 per page and . . . the rate of $.10 per page is reasonable and comparable to the rates charged by outside print shops, and is an appropriate rate for recovery of photocopying costs." *James v. Wash Depot Holdings, Inc.,* 242 F.R.D. 645, 652 (S.D.Fla.2007) (internal citations omitted). Therefore, the Undersigned respectfully recommends that the District Court reduce the rate for these copies to $.10 per page, for a total of $9,361.80.

■ As the Undersigned has been given no itemized receipts or explanation as to whether the cost of the copies made by the Defendants at Kinko's were related to the case at hand, the Undersigned recommends that none of those costs be awarded to Defendants.

Although Plaintiffs dispute the invoice from Southeast Leasing for the copies made in response to the subpoena of documents from Southeast, the invoice submitted [ECF No. 571, p. 48] establishes that the copies were for this case. Therefore, the Undersigned recommends that Defendants recover the $65.25 sought.

In total, the Undersigned respectfully recommends that Defendants receive **$9,427.05** for copy costs.

### d. Court Reporter and Transcript Fees

Defendants seek recovery of $17,573.25 for deposition transcripts. [ECF No. 571,

p. 1]. Plaintiffs contest this amount, arguing that Defendants impermissibly seek recovery for certified copies, condensed transcripts, expedited costs and other materials that are generally non-recoverable under § 1920. [ECF No. 575, pp. 8–12].

The parties agree that the court reporter's standard rate is $4.15 per page. [ECF Nos. 572, p. 9; 575, p. 9]. Defendants assert, and Plaintiffs do not contest, that any transcript requested within 30 days of the deposition is considered a rush order, with the page price increasing depending on the number of days given to transcribe the deposition. [ECF No. 572, p. 9]. The Scheduling Order in this case required all pretrial motions and memoranda of law be submitted by December 14, 2009. [ECF No. 22, p. 7].

 "Although costs for deposition transcripts necessarily obtained for use in the case are recoverable under 28 U.S.C. § 1920(2), costs incurred merely for counsel's convenience are not recoverable." *Martinez–Pinillos v. Air Flow Filters, Inc.*, No. 09–22453–CV–MARTINEZ, 2010 WL 6121708 (S.D.Fla. Dec. 22, 2010) *report and recommendation adopted, Martinez–Pinillos v. Air Flow Filters, Inc.*, No. 09–22453–CIV, 2011 WL 918854 (S.D.Fla. Mar. 1, 2011) (citing *E.E.O.C.*, 213 F.3d at 620). In other words, while deposition transcript costs are *generally* recoverable, multiple copies of a deposition transcript, courier fees regarding the acquisition of a deposition transcript and other ancillary costs related to deposition transcripts are generally *not* recoverable. With that approach in mind, the Undersigned recommends that:

1. The court reporter's appearance fee at depositions should be awarded.

2. In instances where both the transcript and additional copies or forms (including, but not necessarily limited to, condensed transcripts and digital copies of transcripts such as ASC II disks) were obtained, Defendants should recover only the costs of a single copy of the deposition transcript.

3. All expedited transcript costs for depositions taken within 30 days before December 14, 2009 should be recoverable, as those transcripts are reasonably asserted to be necessary. [ECF No. 572, p. 10].

4. The expedited transcripts of the Rebosio and Szopinski depositions, [ECF No. 571, pp. 67, 69], however, should not be fully recoverable. As these transcripts were not requested within 30 days of the start of trial and therefore did not need to be expedited, [ECF No. 412], the Undersigned agrees with Plaintiffs that these costs should be taxed at the regular rate of $4.15 per page.

5. Transcript delivery fees and COD processing fees should not be recoverable.

In light of the above recommendations, the Undersigned respectfully recommends that Defendants be awarded **$14,290.65** for court reporter and transcript fees. The telephone call for Szopinski's deposition, [ECF No. 571, p. 70], should also be considered taxable, at the rate of **$419.57** (one-third of the cost of the call, which was placed on the behalf of three disparate clients).

### e. Translation Fees

 Plaintiffs have only one objection to Defendants' translation fees: The fee dated April 26, 2011. [ECF No. 575, p. 12]. In that instance, Plaintiffs' counsel had made it known to Defendants that he would be bringing his own translator to the trial, but Defendants opted to bring their own translator, which they then declined to use. Defendants' explanation as to why they brought their own translator, "because the new translator stated that there may be language problems with various abbreviations and terms of art for a

one to come in during cross-examination, when the direct was not witnessed," [ECF No. 578, p. 12], is insufficient to justify this translator's costs.

As the remainder of the translation fees in this matter are uncontested by Plaintiffs, the Undersigned recommends that Defendants be awarded **$6,982.50** for translation costs.

### f. Interest

The Undersigned agrees with Defendants that "[w]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir.1994). The Undersigned therefore respectfully recommends that Defendants are entitled to interest flowing from May 16, 2011, the date of the final judgment in this case.

The post-judgment interest rate is determined by "the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). On the week ending May 13, 2011 (the week preceding the date of judgment), this interest rate was 0.18%.[3] The Undersigned therefore respectfully recommends that the District Court award Defendants post-judgment interest on their taxable costs at the rate of 0.18%, accruing as of May 16, 2011.

### IV. Conclusion

The Undersigned respectfully recommends that the District Court award Defendants a total of **$32,109.77** pursuant to 28 U.S.C. § 1920, along with post-judgment interest, pursuant to 28 U.S.C. § 1961, at the rate of **0.18%**.

### V. Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), the parties have fourteen (14) days after being served with a copy of this Report and Recommendation to serve and file written objections, if any, with the District Court. Failure to timely file objections shall bar the parties from a de novo determination by the District Court of an issue covered in this Report and Recommendation and from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749–50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED,** in Chambers, at Miami, Florida this 21st day of August, 2012.

---

**3.** http://www.federalreserve.gov/releases/h15/ 20110516/ (last visited August 21, 2012).