Lisa JOSEPH, Plaintiff,

v.

NICHELL'S CARIBBEAN CUISINE, INC., a Florida corporation, Defendant.

Case No. 11–62594–CIV.

United States District Court, S.D. Florida.

June 12, 2013.

Lisa Joseph, Fort Lauderdale, FL, pro se.

Kristopher Walter Zinchiak, Chris Kleppin, Glasser, Kleppin & Zinchiak, Seth Michael Amkraut, Plantation, FL, for Defendant.

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

ROBIN S. ROSENBAUM, District Judge.

This matter is before the Court upon Defendant's Motion for Bill of Costs [D.E. 56], which was previously referred to the Honorable Barry S. Seltzer for a Report and Recommendation. *See* D.E. 58. On May 20, 2013, Judge Seltzer issued a Report and Recommendation recommending that Defendant's motion be granted in part and denied in part. D.E. 59. Specifically, Judge Seltzer recommended that Plaintiff be taxed a total of $1,224.00 in costs. *Id.* at 1261. The Report and Recommendation advised Plaintiff that she had fourteen days from the date of being served with a copy of the Report and Recommendation within which to file written objections, if any, to the report. Defendant certified that it attempted to serve Plaintiff by service of process with the Report and Recommendation but was unable to because Plaintiff moved and left no forwarding address. Counsel also indicated that he made a diligent effort to locate Plaintiff by conducting an online search, but Plaintiff's name is common enough that he believed it would require a significant expenditure of time and money to locate her.[1]

The Court notes that Plaintiff did not respond to the Motion for Bill of Costs. And to date, Plaintiff has not filed any objections, nor has she sought additional time to file objections. The Court has, nonetheless, conducted a *de novo* review of Judge Seltzer's Report and Recommendation and the record and is otherwise fully advised in the premises.

Upon review, the Court finds Judge Seltzer's Report and Recommendation to

---

**1.** Local Rule 11.1(g), S.D. Fla., requires Plaintiff to maintain current contact information with the Clerk of the Court.

be well reasoned and correct. The Court agrees with the analysis in Judge Seltzer's Report and Recommendation and concludes that costs should be assessed accordingly.

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Judge Seltzer's Report and Recommendation [D.E. 59] is hereby **ADOPTED;**

2. Defendant's Motion for Bill of Costs [D.E. 56] is **GRANTED IN PART AND DENIED IN PART;**

3. Defendant shall recover $1,224.00 from Plaintiff in costs, which shall bear interest at the rate of 0.19% from October 31, 2012 (the date of Final Judgment);

## REPORT AND RECOMMENDATION

BARRY S. SELTZER, United States Chief Magistrate Judge.

THIS CAUSE is before the Court on Defendant Nichell's Caribbean Cuisine, Inc.'s Bill of Costs (D.E. 56) (which the Court construes as a Motion for Costs) and Memorandum of Law in Support (D.E. 57). Plaintiff Lisa Joseph has not responded to the Motion, and the time for doing so has passed. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.

Plaintiff brought this action pursuant to the Fair Labor Standards Act ("FLSA"), asserting a claim for unpaid overtime wages (Count I) and a claim for retaliation (Count II). On January 25, 2012, 862 F.Supp.2d 1309 (S.D.Fla.2012), the District Court granted summary judgment in favor of Defendant on Plaintiff's claim for unpaid overtime wages (D.E. 14).[1] On October 26, 2012, 2012 WL 5306360, the District

Court granted Defendant's summary judgment motion (D.E. 51) as to the remaining claim, and on October 31, 2012, it entered a Final Judgment (D.E. 54) in favor of Defendant.

■ Defendant now moves the Court for an award of costs in the amount of $1,332.04, pursuant to Federal Rule of Civil Procedure 54(d). Rule 54(d) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). The Rule creates a strong presumption in favor of awarding costs to a prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.,* 249 F.3d 1293, 1296 (11th Cir. 2001); *Chapman v. AI Transport,* 229 F.3d 1012, 1038 (11th Cir.2000). Although Rule 54 gives a court discretion to deny costs, that discretion is "not unfettered." *Id.* at 1039. "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Id.*

■ Here, having obtained judgment in its favor on both Plaintiff's claims, Defendant is clearly the prevailing party and, thus, entitled to costs. *See Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995) ("Usually, the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920. Although the decision to award costs is discretionary with the court, it may only tax those items specifically enumerated in § 1920, absent alternative statutory authority. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). "[T]he losing party bears the bur-

---

1. On July 17, 2012, the District Court entered an Amended Order to correct a scrivener's error (D.E. 27).

den to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party." *DuChateau v. Camp Dresser & McKee, Inc.,* No. 10–60712–Civ, 2012 WL 1069166, at *1 (S.D.Fla. Mar. 29, 2012) (Rosenbaum, M.J.). Even though the burden falls on the losing party to demonstrate that a cost is not taxable, the prevailing party "still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them." *Ferguson v. North Broward Hosp. Dist.,* No. 10–61606–CIV, 2011 WL 3583754, at *3 (S.D.Fla. Aug. 15, 2011) (Cohn, J.) (quoting *Lee v. Am. Eagle Airlines, Inc.,* 93 F.Supp.2d 1322, 1335 (S.D.Fla.2000)).

 Defendant first seeks reimbursement of $1,065.90 for the cost of the transcript of Plaintiff's August 8, 2012 deposition and $75 for the cost of a court reporter's attendance fee and preparation of a certificate of non-attendance when Plaintiff did not attend an earlier scheduled deposition. Under § 1920(2), a prevailing party may be awarded costs for the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." The Eleventh Circuit has held that the taxation of deposition costs comes within the parameters of this section. *U.S. E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir.2000). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Id.* at 620–21. "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged."

*George R. Hall, Inc. v. Superior Trucking Co.,* 532 F.Supp. 985, 994 (N.D.Ga. 1982) (quoting *Jeffries v. Ga. Residential Fin. Auth.,* 90 F.R.D. 62, 63 (N.D.Ga. 1981)). And depositions relied upon for summary judgment motions are taxable. *Helms v. Wal–Mart Stores, Inc.,* 808 F.Supp. 1568, 1572 (N.D.Ga.1992), *aff'd,* 998 F.2d 1023 (11th Cir.1993). By contrast, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W & O,* 213 F.3d at 620 (quoting *Goodwall Const. Co. v. Beers Const. Co.,* 824 F.Supp. 1044, 1066 (N.D.Ga.1992), *aff'd,* 991 F.2d 751 (Fed. Cir.1993)). The undersigned concludes that the deposition of Plaintiff was necessarily obtained for use in this case, particularly as she was a named party and the primary witness in the case; hence, the deposition was necessary to ascertain the facts of the case. Moreover, her deposition was used to support Defendant's successful summary judgment motion.

 In support of the deposition costs sought, Defendant has submitted the court reporter's invoice (D.E. 56 at 3). The invoice reflects that, in addition to the $813.40 cost of the actual transcript, Defendant seeks reimbursement for the court reporter's $235 appearance fee and a $17.50 courier charge. Numerous courts have ruled that court reporter appearance fees are properly taxable as costs. *See, e.g., Held v. Held,* 137 F.3d 998, 1002 (7th Cir.1998); *Wesley v. Dombrowski,* No. 03–4137, 2008 WL 2609720, at *2–3 (E.D.Pa. June 26, 2008) ("[M]ost courts have permitted the prevailing party to recover the fee charged by the court reporter for his or her 'appearance.'") (collecting cases); *Price v. United Tech. Corp.,* No. 99–8152–Civ, 2001 WL 36085163, at *2 (S.D.Fla. July 27, 2001) (Ferguson, J., adopting rec-

ommendation of Snow, M.J.); *but see New-man v. Hous. Auth. of the City of Fort Lauderdale*, No. 06–60359–Civ, 2007 WL 315098, at \*3, 2007 U.S. Dist. LEXIS 6797, at \*7 (S.D.Fla. Jan. 31, 2007) (Middle-brooks, J.) (disallowing appearance fees as they are not "listed in § 1920"). The cases that have permitted court reporter appear-ance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript. The un-dersigned agrees that the appearance fee is directly related to preparing the tran-script. Accordingly, the $235 sought for the court reporter appearance fee for Plaintiff's August 8, 2012 deposition and the $75 court reporter appearance fee for attending and preparing a certificate of non-appearance for Plaintiff's scheduled July 30, 2013 deposition [2] should be award-ed as costs.

■ Courts in this District, however, have declined to award costs for court reporter delivery fees and handling charges. *See e.g., Robinson v. Alutiq-Mele, LLC*, 643 F.Supp.2d 1342, 1354–55 (S.D.Fla.2009) (Gold, J., adopting recom-mendation of McAliley, M.J.) ("Shipping and handling charges by the stenographer are not taxable."); *Suarez v. Tremont Towing, Inc.*, No. 07–21430–CIV, 2008 WL 2955123, at \*3 (S.D.Fla. Aug. 1, 2008) (Simonton, M.J.) (courier, handling, and delivery charges by court reporter not taxable). Here, Defendant has failed to demonstrate that the courier charge con-stituted a necessary expense and was not incurred merely for the convenience of counsel. *See George v. Florida Dept. of Corr.*, No. 07–80019, 2008 WL 2571348, at \*6 (S.D.Fla. May 23, 2008) (Rosenbaum, M.J.) (denying costs for transcript deliv-

ery fee where movant failed to demon-strate such cost was incurred out of ne-cessity, as opposed to mere convenience of counsel). Accordingly, the $17.50 courier charge sought should be disallowed, re-sulting in a total cost award for deposition transcripts of $1,123.40.

■ Defendant also seeks reim-bursement for 1,006 in-house photocopies at the rate of 19¢ per copy, for a total of $191.14. Photocopies are considered a tax-able cost pursuant to § 1920(4) if they are necessarily obtained for use in the case. *See McGregor v. Bd. of County Comm'rs for Palm Beach County*, 130 F.R.D. 464, 465 (S.D.Fla.1990) (Gonzalez, J.). The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W & O*, 213 F.3d at 623. It is not necessary that photocopies be used at trial or filed with the court to be taxable. *Id.* (rejecting argument that photocopies were not neces-sary because they were not used as court exhibits nor furnished to the court or op-posing counsel). Charges for photocopies made merely for the convenience of coun-sel or the parties, however, are not tax-able. *Blevins v. Heilig–Meyers Corp.*, 184 F.R.D. 663, 668 (M.D.Ala.1999); *Desisto College*, 718 F.Supp. at 913; *Allen v. Free-man*, 122 F.R.D. 589, 591 (S.D.Fla.1988) (King, J.).

In support of its photocopy reimburse-ment request, Defendant submits an eight-page computer-generated document that reflects the user number and the number of copies made each day (D.E. 56 at 3–11). Defendant identifies the type of documents for which it seeks reimbursement—"mo-

---

**2.** *See Suarez v. Tremont Towing, Inc.*, No. 07–21430–CIV, 2008 WL 2955123, at \*3 (S.D.Fla. Aug. 1, 2008) (Simonton, M.J.) (taxing costs related to certificate of non-appearance of

deposition witness); *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06–21709, 2008 WL 54401, at \*5 (S.D.Fla. Jan. 2, 2008) (O'Sullivan, M.J.) (same).

tions, attachments to motions, responses, replies, letters, [and] discovery exhibits" that were "submitted to the Court, to or from opposing counsel, or used as exhibits for deposition." Memorandum at (D.E. 57). Courts have found that these types of documents are generally necessary for use in a case. *See e.g., Desisto College v. Town of Howey-in-the-Hills,* 718 F.Supp. 906, 913 (M.D.Fla.1989) (holding that "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration are recoverable"), *aff'd,* 914 F.2d 267 (11th Cir.1990).

■ Although some courts have awarded photocopying costs at a rate of 19¢ per page (as requested here), *see e.g., Exime v. E.W. Ventures,* No. 08–60099–CIV, 2009 WL 1759351, at *2 (S.D.Fla. June 18, 2009) (Seitz, J., adopting recommendation of O'Sullivan, M.J.); *Ali v. Prestige Window & Door Installation, LLC,* 626 F.Supp.2d 1259 (S.D.Fla.2009) (Middlebrooks, J.), the undersigned believes that this amount is excessive and finds 10¢ per page is more reasonable. *See Blanco v. TransAtlantic Bank,* No. 07–20303–CIV, 2009 WL 2834947, at *2 (S.D.Fla. Jun 11, 2009) (O'Sullivan, M.J.) (finding that requested 25¢ per page for photocopying excessive and reducing per page amount to 10¢) (cost award recommendation adopted in 2009 WL 2762361, at *4 (S.D.Fla. Aug. 31, 2009) (Seitz, J.)); *James v. Wash Depot Holdings, Inc.,* 242 F.R.D. 645, 651 (S.D.Fla.2007) (Dimitrouleas, J.) (15¢ and 19¢ per page found to be "unnecessarily high"; taxing photocopying costs at 10¢ per page, noting that in-house rates should approximate that of outside local vendors). Here, reducing the charge from 19¢ per page to 10¢ per page results in an award of $100.60 for in-house photocopies.

In sum, the undersigned finds that costs of $1,123.40 for deposition transcripts (in-cluding court reporter appearance fees) and $100.60 for in-house photocopies are properly taxable under § 1920. Accordingly, it is hereby RECOMMENDED that Defendant's Motion for Costs ("Bill of Costs") (D.E. 56) be GRANTED and that total costs in the amount of $1,224 be taxed against Plaintiff Lisa Joseph.

Defendant also seeks interest on the costs, calculated from the date of the entry of the Final Judgment. A prevailing party is entitled to post judgment interest pursuant to 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment...."). Recognizing that § 1961 applies to an award of costs, the Eleventh Circuit has held that "interest shall accrue on ... taxable costs from the date the court entered final judgment...." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045, 1052 (11th Cir. 1994); *see also Ga. Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir.1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment."); *Barrera v. Weiss & Woolrich Southern,* 900 F.Supp.2d 1328, 1336 (S.D.Fla.2012) (Graham, J., adopting recommendation of O'Sullivan, M.J.) (ruling that interest on taxable costs would bear interest from the date of the entry of final judgment); *Spatz v. Microtel Inns and Suites Franchising, Inc.,* No. 11–60509–CIV, 2012 WL 1587663, at *7–8 (S.D.Fla. May 4, 2012) (Rosenbaum, M.J.) (same). The postjudgment interest rate is determined by "the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar-week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Here, the District Court entered final judgment in Defendant's favor on October 31, 2012 (D.E. 54). The applicable interest rate for the preceding week (ending October 26, 2012) is 0.19%. *See* http://federalreserve.gov/releases/h15/20121029/. The undersigned, therefore, RECOMMENDS that the costs awarded bear interest from October 31, 2012, at the rate of 0.19%.

Finally, Defendant requests that the Court order Plaintiff to pay the full amount of the costs awarded within 20 days because Plaintiff: (1) "freely admitted to several facts in her deposition on Friday, August 31, 2012, which suggested that the case never had any merits from the beginning and was brought for an improper purpose ( [D.E. 30] )"; (2) "subsequently failed to attend the Court-ordered mediation on the following business day, Monday, August 6, 2012 ( [D.E. 32–1] )"; (3) "waited more than one month later to concede that she could not deny or refute Defendant's Statement of Material Facts ( [D.E. 42, page 1] )"; and (4) failed to respond to Plaintiff's counsel's motion to withdraw as ordered by the District Court. Memorandum at 7–8 (D.E. 57). Defendant argues that under these circumstances an order requiring Plaintiff to pay the costs within 20 days is appropriate "so that Defendant does not have to expend further resources unnecessarily in order to obtain that which Defendant is entitled by virtue of its prevailing party status." *Id.* at 8. Although these circumstances may well warrant a court imposing monetary sanctions and requiring they be paid by a date certain, Defendant has failed to cite any authority that would permit the Court to order a party to pay § 1920 costs within a prescribed time. Accordingly, the undersigned RECOMMENDS that the Court DENY Defendant's request, and, instead, enter a Cost Judgment upon which Plaintiff may execute.

### RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that the District Court award costs in the total amount of $1,224, bearing interest at the rate of 0.19% from October 31, 2012 (the date of entry of the Final Judgment).

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Kathleen M. Williams, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Henley v. Johnson,* 885 F.2d 790, 794 (1989).

**Defendant's counsel shall forthwith serve a copy of this Report and Recommendation on Plaintiff Lisa Joseph and shall file a Notice of Compliance with the Court.**

DONE AND SUBMITTED at Fort Lauderdale, Florida this 20th day of July 2012.